# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Plaintiff,

v.

LAS VEGAS TOWNSHIP CONSTABLES
OFFICE, *et al.*,

        Defendant.

2:12-cv-01922-JCM-VCF

**O R D E R**

(Motion to Determine Whether Documents
Should Be Filed Under Seal #28)

Before the court is plaintiff Travelers Property Casualty Company of America's (hereinafter "Travelers") Motion to Determine Whether Documents Should Be Filed Under Seal. (#28). Defendants Timothy Michael Beckett and Daniel F. Palazzo filed a Response (#28), and defendants Clark County, Nevada (hereinafter "Clark County") and Las Vegas Township Constables Office (hereinafter "Constables Office") filed a Response (#38). Plaintiff did not file a Reply. The court held a hearing on April 18, 2013.

**Relevant Background**

Plaintiff Travelers filed its complaint for declaratory relief on November 8, 2012, against defendants Clark County, Constables Office, Palazzo, Beckett, and Constable Bonaventura. (#1). The complaint alleges at Paragraph 26 that:

> On November 6, 2012, Travelers sent correspondence to Bonaventura and the Constable's Office requesting written confirmation that they were (1) withdrawing the Claim relating to the Action; (2) agreeing to indemnify and hold Travelers harmless from any and all liability arising out of the litigation commenced by Palazzo and Beckett against Bonaventura and the Constable's Office; and (3) agreeing to finance future litigation costs without reimbursement from Travelers.

*Id* (hereinafter "November 6 Letter"). At Paragraph 27, the complaint states that "[a] true and correct

copy of the letter dated November 6, 2012, from Travelers to Constable Bonaventura is attached hereto as Exhibit 7, and incorporated by this reference." *Id.* The complaint also states that:

> By notarized signature on Travelers' November 6, 2012 letter (Exhibit 7) Bonaventura and the Constable's Office certified and acknowledged that they were (l) withdrawing the Claim to include withdrawal of the request for coverage, withdrawal of the tender of defense, and withdrawal of any duty to indemnify (whether for settlements, judgments or otherwise); (2) agreeing to indemnify and hold harmless Travelers from any and all liability arising out of the litigation commenced by Palazzo and Beckett; and (3) agreeing to finance all future litigation and defense costs without reimbursement from Travelers.

*Id.* Plaintiff attached as Exhibit 7 to the complaint the November 6 Letter. (#1-8 Exhibit 7).

Defendants Palazzo and Beckett filed their answers on December 6, 2012. (#19 and 20). Defendant Constable Bonaventura filed his answer on December 17, 2012, admitting, among others, the allegations contained in Paragraphs 26, 27, and 28 of the complaint. (#22).

The parties filed a proposed discovery plan and scheduling order on January 9, 2013 (#23), and the court entered the scheduling order on January 11, 2013 (#24). On January 27, 2013, the parties filed a stipulation and order for settlement conference. (#25). On March 5, 2013, plaintiff Travelers filed a motion for summary judgment. (#26). On the same day, Travelers filed the instant motion to determine whether documents should be filed under seal (#28) and filed under SEAL Exhibit 6 to the motion for summary judgment (#26) containing the November 6 Letter (#27). On March 14, 2013, the court signed the parties' stipulation for a settlement conference (#25). (#29). On March 21, 2013, defendant Constable Bonaventura filed a non-opposition to the motion for summary judgment (#26). (#31).

On March 22, 2013, defendants Beckett and Palazzo filed an opposition to the motion to determine whether the document should be filed under seal (#28). (#32). On March 25, 2013, the parties filed a stipulation to extend time to file a response to Traveler's motion (#28). (#33). The court signed the stipulation the next day. (#34). On March 29, 2013, the court issued a minute order scheduling a hearing on Traveler's motion (#28) for April 18, 2013. (#36). On April 4, 2013,

2

defendants Clark County and the Constables Office filed a response to Traveler's motion (#28). (#37). On April 5, 2013, defendants Clark County and the Constables Office filed a response to the motion for summary judgment. (#38). On the same day, defendants Palazzo and Beckett filed a limited opposition to plaintiff's motion for summary judgment. (#39).

The court held a hearing on the motion to determine whether documents should be filed under seal (#28) on April 19, 2013. Neither defendant Constable Bonaventura nor his counsel, Mr. Robert B. Pool, Esq., or Spencer M. Judd, Esq., appeared at the hearing.

**Motion for Determination of Whether Document Should Be Sealed (#28)**

### A. Arguments

Travelers asks this court to make a determination whether to seal the November 6 Letter attached as Exhibit 6 (26-8 Exhibit 6) to the motion for summary judgment (#26). (#28). Travelers states that defendants Constable Bonaventura and the Constables Office previously objected to the disclosure of the November 6 letter claiming it contains confidential settlement discussions. *Id.* Travelers stated that a Las Vegas Review Journal article quoted the November 6 Letter, and that Constable Bonaventura claims that it "appears that the letter could be used as an improper vehicle to gratify spite and promote public scandal." *Id.*

Defendants Palazzo and Beckett argue in their opposition that "Traveler's has not presented any argument that there is a compelling reason the letter in question should remain under seal," and that "Traveler's Motion freely acknowledges that the letter in question has been publically available and widely quoted in the Las Vegas Review Journal." (#32). Defendants Palazzo and Beckett ask this court to deny the motion. *Id.* Defendants Clark County and the Constables Office assert in their response that they "take no position" regarding the plaintiff's motion (#28), and that "[a]t this point sealing the document does not seem to accomplish the stated protective goal since the settlement discussions set forth in the letter have already been published in the newspaper. (#37). Defendant Constable Bonaventura did not file a response to the motion (#28).

3

**B.     Relevant Law/Discussion**

A party seeking to file a confidential document under seal or seal a confidential document admitted into evidence at trial must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>  In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

As Travelers asks this court to determine whether to keep sealed the November 6 Letter, which is an attachment to its motion for summary judgment (#26), the court must be presented with "compelling reasons" before it will permit the document to be filed under seal. *Id.* Travelers does not provide the court with compelling reasons to seal the November 6 Letter, and only states that Constable Bonaventura claimed, at one time, that it appears that the letter "could be used as an improper vehicle to gratify spite

4

and promote public scandal." (#28).  Travelers also asserts that it only brought this motion in an abundance of caution because defendants Constable Bonaventura and the Constables Office previously objected to the disclosure of the letter. (#28).  Neither of these defendants presented compelling reasons to protect the November 6 Letter from disclosure.

The Constables Office states in its response that sealing the document at this stage would be pointless in light of the previous attachment of the document to the complaint (#1) and the newspaper article. (#37).  Defendant Constable Bonaventura waived any objection to the disclosure of this document, as he admitted in his answer the allegations contained in the complaint that referenced the November 6 Letter (#22), did not file a motion to seal the document at any time, and did not take a position with regard to Traveler's motion (#28).

The court finds that sealing the November 6 Letter is not appropriate.  A copy of the document has been on this court's docket UNSEALED since November 8, 2012 (#1), and the document was disclosed to the public through the Las Vegas Review Journal article.  As the court finds that no "compelling reasons" exist to seal the November 6 Letter, and none of the parties have provided the court with any, the court will order the clerk to UNSEAL the November 6 Letter (#27).  *Kamakana*, 447 F.3d at 1180.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Travelers Property Casualty Company of America's Motion to Determine Whether Documents Should Be Filed Under Seal (#28) is GRANTED, and the court determines that no compelling reasons exist to require the November 6 Letter to be filed under SEAL.

IT IS FURTHER ORDERED that the clerk will UNSEAL the SEALED Exhibit (#27) to the Motion for Summary Judgment (#26).

DATED this 19th day of April, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

5