CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J.COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

Attorneys for Proposed Intervenor
Stephens Media, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY, COMPANY OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS TOWNSHIP CONSTABLES OFFICE, et al.,<br><br>Defendant. | Case No. 2:12-CV-01922-JCM-VCF<br><br>**STEPHENS MEDIA, LLC'S EMERGENCY APPLICATION TO INTERVENE AND UNSEAL HEARING** |

STEPHENS MEDIA, LLC, a Nevada limited liability company, dba *LAS VEGAS REVIEW JOURNAL*, by and through its undersigned counsel, hereby seeks to intervene as a non-party in this action and oppose the improper sealing of Defendants Las Vegas Township Constable's Office and John Bonaventura's Motion to Correct Minutes of Proceedings.

This application is made and based upon the First Amendment to the United States Constitution, Federal Rule of Civil Procedure 24(b), and the following Points and Authorities.

### POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Proposed Intervenor Stephens Media, LLC dba Las Vegas Review-Journal (the "Review-Journal") has provided extensive coverage of the ongoing legal disputes of Defendants Las Vegas Township Constable's Office and John Bonaventura.  Recently, Mr. Bonaventura unilaterally

1

terminated a court-ordered settlement conference by leaving the courthouse without permission. This incident was memorialized in the Court's Minutes of Proceedings [Dkt. No. 63].

Defendants' actions during the settlement conference were reported by numerous local media outlets including the Review-Journal. Defendants subsequently filed a request to amend or correct the Court's Minutes of Proceedings. Defendants, however, improperly filed this request under seal without seeking leave of court as required by the Local Rules for this jurisdiction. Accordingly, the Review-Journal seeks intervention to protect its First Amendment rights and those of the public for the limited purpose of opposing Defendants' unjustified attempt to restrict public access to judicial documents.

## II.  ARGUMENT

### A.  Applicant Is Permitted To Intervene In Order To Protect And Exercise Important First Amendment Rights Accorded To It And Members Of The General Public.

Fed. R. Civ. P. 24(b) provides in pertinent part: "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Federal courts have routinely allowed non-parties to intervene in civil actions pursuant to FRCP 24(b) when challenging orders concerning confidentiality entered in a particular matter. *See, e.g., Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470 (9th Cir. 1992), *cert. denied*, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992); *Pansy v. Borough of Stroudsberg*, 23 F.3d 772 (3d Cir. 1994); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir.), *cert. denied*, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *see also Stephens Media, LLC v. Eighth Judicial Dist. Ct.*, 221 P.3d 1240, 1248 (Nev. 2009) ("The public and the press have the right to seek limited intervention in a criminal case to advance or argue constitutional claims concerning access to court proceedings.").

### B. Applicant's Rights To Challenge Sealing and Confidentiality Orders Are Based Upon The First Amendment And The Right Of Public Access To Judicial Documents

"The common law right of public access to judicial documents is said to predate the Constitution." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). The First Amendment right of access is an affirmative, enforceable public right. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573, (1980); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982) ("*Globe Newspaper I*"). The standing of the press to enforce this right is well settled. *See, e.g.*, *Globe Newspaper I,* 457 U.S. at 609; *In re Application of Dow Jones & Co.*, 842 F.2d 603, 606-08 (2d Cir. 1988); *United States v. Criden*, 675 F.2d 550, 552 n.2 (3d Cir. 1982).

In *Richmond*, the Supreme Court noted that though the right to attend civil trials was not at issue before it, "historically both civil and criminal trials have been presumptively open." *Id.* at 580, n.17, 100 S.Ct. at 2829 n.17. Thus, this important right of public access can only be denied if it is conclusively demonstrated that "the denial is necessitated by a compelling [ ] interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248 (1982). Indeed, a district court cannot close a hearing "unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 13-14 (1986) (addressing a request to seal a preliminary hearing).

Simply put, there is no conceivable reason to seal Defendants' Motion to Correct Minutes of Proceedings. First and foremost, Defendants filed the Motion in violation of the Local Rules and without providing any specific facts or evidence that would constitute a compelling interest for sealing the record. Moreover, the Court's Minutes were publicly filed and the information contained therein was disseminated through media coverage of Defendants' alleged actions.

### III.    CONCLUSION

The United States Supreme Court has made it abundantly clear that the presumption of openness must be zealously protected and can only be overcome by the most compelling need for secrecy with no reasonable alternative being available.  *Press-Enterprise Co.*, 478 U.S. at 13-14. Accordingly, the Review-Journal respectfully requests this Honorable Court grant the instant Application to Intervene and immediately unseal Defendants Motion to Correct Minutes of Proceedings.

DATED this 30th day of July, 2013.

CAMPBELL & WILLIAMS

By /s/ ***Donald J. Campbell***
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101

*Attorneys for Proposed Intervenor*
*Stephens Media, LLC*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing was served on the 30th day of July, 2013 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Philip R. Erwin*
An Employee of Campbell & Williams