**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

               Plaintiff,

v.

LAS VEGAS TOWNSHIP CONSTABLES
OFFICE, *et al.,*

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:12-cv-01922-JCM-VCF

**O R D E R and ORDER TO SHOW
CASE**

(SEALED Motion to Amend/Correct Minutes
of Settlement Conference (#64) and
*Emergency* Motion to Intervene and Unseal
Hearing (#66))

       Before the court is defendant John Bonaventura's[1] SEALED Motion to Correct Minutes of
Proceedings (#63).  (#64).

       Also before the court is Intervener Stephens Media, LLC's *Emergency* Application to Intervene
and Unseal Hearing.  (#66).

       Also before the court is defendant Constable Bonaventura's Motion to Reset Hearing on
SEALED Motion to Amend/Correct Minutes of Proceedings (#63).  (#67).

       The court held a hearing on July 30, 2013.  (#68).

**Relevant Background**

       Plaintiff Travelers filed its complaint for declaratory relief on November 8, 2012, against
defendants Clark County, Nevada (hereinafter "Clark County"), Las Vegas Township Constables Office
(hereinafter "Constables Office"), Daniel F. Palazzo (hereinafter "Palazzo"), Timothy Michael Beckett

---

[1] The motion is titled "Defendants Las Vegas Township Constable's Office and John Bonaventura's Motion to
Correct Minutes of Proceedings (#63)," and was filed by Robert B. Pool, Esq., "Attorney for Las Vegas Township
Constable's Office and John Bonaventura."  (#64).  As discussed below, attorney Robert B. Pool, Esq., does not
represent Las Vegas Township Constable's Office.

(hereinafter "Beckett"), and John Bonaventura (hereinafter "Constable Bonaventura").  (#1).

On November 28, 2012, Clark County and the Constables Office filed their answer to the complaint.  (#18).  Defendants Palazzo and Beckett filed their answers on December 6, 2012.  (#19 and 20).  Defendant Constable Bonaventura filed his answer on December 17, 2012.  (#22).  The parties filed a proposed discovery plan and scheduling order on January 9, 2013 (#23), and the court entered the scheduling order on January 11, 2013 (#24).  On January 27, 2013, the parties filed a stipulation and order for settlement conference.  (#25).  On March 5, 2013, plaintiff Travelers filed a motion for summary judgment.  (#26).  On the same day, Travelers filed a motion to determine whether documents should be filed under seal (#28) and filed under SEAL Exhibit 6 to the motion for summary judgment (#26) containing a letter dated November 6, 2012 (#27).  On March 14, 2013, the court signed the parties' stipulation for a settlement conference (#25).  (#29).  On Marc h 14, 2013, the court issued an order scheduling the settlement conference for June 25, 2013.  (#30).  On March 21, 2013, defendant Constable Bonaventura filed a non-opposition to the motion for summary judgment (#26).  (#31).

On March 22, 2013, defendants Beckett and Palazzo filed an opposition to the motion to determine whether the document should be filed under seal (#28).  (#32).  On March 25, 2013, the parties filed a stipulation to extend time to file a response to Travelers' motion (#28).  (#33).  The court signed the stipulation the next day.  (#34).  On March 29, 2013, the court issued a minute order scheduling a hearing on Traveler's motion (#28) for April 18, 2013.  (#36).  On April 4, 2013, defendants Clark County and the Constables Office filed a response to Traveler's motion (#28).  (#37).  On April 5, 2013, defendants Clark County and the Constables Office filed a response to the motion for summary judgment.  (#38).  On the same day, defendants Palazzo and Beckett filed a limited opposition to plaintiff's motion for summary judgment (#39) and defendant Palazzo filed a counter motion to enforce settlement (#40).

The court held a hearing on the motion to determine whether documents should be filed under seal (#28) on April 18, 2013.  (#42)  Neither defendant Constable Bonaventura nor his counsel, Mr.

2

Robert B. Pool, Esq., or  Spencer M. Judd, Esq., appeared at the hearing. *Id.*  On April 19, 2013, the court issued an order granting the motion to determine whether documents should be filed under seal (#28), holding that "no compelling reasons exist to require the November 6 Letter to be filed under SEAL," and ordering that the clerk will UNSEAL the SEALED Exhibit (#27) to the Motion for Summary Judgment (#26)." (#43).  The court stated that "Defendant Constable Bonaventura waived any objection to the disclosure of this document, as he admitted in his answer the allegations contained in the complaint that referenced the November 6 Letter (#22), did not file a motion to seal the document at any time, and did not take a position with regard to Traveler's motion (#28)." *Id.*

On April 22, 2013, Travelers filed a reply in support of its motion for summary judgment (#44), and an opposition to the motion to enforce settlement (#45).  On the same day,  defendant Constable Bonaventura filed an opposition to the motion for summary judgment (#26), an opposition to defendant Clark County's counter motion for summary judgment (#36), and an opposition to defendants Palazzo/Beckett's counter motion for summary judgment (#40).  (#46).  On May 1, 2013, defendant Palazzo filed a motion to request oral argument on the motion for summary judgment (#26), unredacted documents (#27), and counter motion to enforce settlement agreement (#40).  (#47).

On May 2, 2013, defendant Palazzo filed a reply in support of his motion for enforce settlement (#40).  (#48).  On May 7, 2013, defendants Clark County and the Constables Office filed a motion for extension of discovery deadlines.  (#49).  On May 9, 2013, Travelers filed an opposition to the motion to extend time (#50) and a reply in support of its motion for summary judgment (#51), and defendant Palazzo filed a non-opposition to the motion to extend time (#52) and reply in support of the motion to enforce settlement (#53).  On May 10, 2013, the court issued an order rescheduling the settlement conference in this action for July 23, 2013, at 10:00 a.m.  (#54).  On May 13, 2013, the court issued an order granting the motion to extend time (#49), extending the discovery deadline to September 30, 2013, dispositive motions deadline to October 30, 2013, and the Joint Pretrial Order deadline to December 2, 2013.  (#55).  On May 17, 2013, defendant Constable Bonaventura filed a supplement to

his response (#46).  (#56).

On May 22, 2013, defendants Beckett and Palazzo filed a motion to strike defendant Constable Bonaventura's surreply (#56).  (#57).  On June 5, 2013, attorney Spencer M. Judd, Esq., filed a notice of terminating "his representation of the following defendants in the above-captioned lawsuit: Las Vegas Township Constables Office and John Bonaventura."[2]  (#58).   On June 18, 2013, defendant Constable Bonaventura filed a notice of non-service of the motion to strike (#57) his supplemental briefing (#56)  (#59) and an opposition to the motion to strike (#57)(#60).   On June 19, 2013, defendants Palazzo and Becket filed a reply in support of their motion to strike (#57).  (#61).  On July 17, 2013, defendant Constable Bonaventura filed a motion for summary judgment.  (#62).

On July 23, 2013, the court held a settlement conference.  (#63).  The court's minutes of proceedings stated that "[t]he Court met and conferred with the parties and counsel. Defendant John Bonaventura unilaterally terminated the settlement conference by leaving the courthouse without permission. IT IS HEREBY ORDERED that case returns to the normal litigation track."  *Id.*  On July 26, 2013, defendant Constable Bonaventura filed a SEALED motion to amend/correct minutes of settlement conference (#63).  (#64).  On the same day, the court issued a minute order scheduling a hearing on the SEALED motion (#64) for July 30, 2013, at 1:00 p.m., and ordering that "John Bonaventura, Mr. Robert B. Pool, and Mr. James Kimsey must attend the hearing," and "[d]efendants must bring five (5) copies of the "[r]ecorded photographic evidence from two sources indicates otherwise as the Magistrate Judge had left and no one was present.""  (#65).  On July 30, 2013, intervenor Stephens Media, LLC filed an *emergency* motion to intervene and unseal hearing.  (#66). The court held a hearing on July 30, 2013, and defendant Constable Bonaventura, Mr. Robert B. Pool, and Mr. James Kimsey failed to appear at the hearing.  (#68).  After the court's 1:00 p.m. hearing, at 3:06 p.m, defendant Constable Bonaventura filed a motion to reset hearing.  (#67).

---

[2] As discussed below, Spencer M. Judd did not represent the Constables Office.

***Emergency* Application to Intervene and Unseal Hearing (#66)**

    **A.    Arguments**

Stephens Media's *emergency* application to intervene and unseal hearing asserts that it has provided extensive coverage of the ongoing legal disputes of Defendants Las Vegas Township Constable's Office and John Bonaventura," and that defendants recently improperly filed a motion to amend/correct minutes of proceedings "under seal without seeking leave of court as required by the Local Rules for this jurisdiction." (#66). Stephens Media states that, accordingly, it "seeks intervention to protect its First Amendment rights and those of the public for the limited purpose of opposing Defendants' unjustified attempt to restrict public access to judicial documents."  *Id.*

Stephens Media argues that "[f]ederal courts have routinely allowed non-parties to intervene in civil actions pursuant to FRCP 24(b) when challenging orders concerning confidentiality entered in a particular matter.[3]  *Id.*  Stephens Media also argues that the "important right of public access can only be denied if it is conclusively demonstrated that "the denial is necessitated by a compelling [ ] interest, and is narrowly tailored to serve that interest,"[4] and that "a district court cannot close a hearing "unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."[5]  *Id.*  Stephens Media states that "there is no conceivable reason to seal [d]efendants' Motion to Correct Minutes of Proceedings," as (1) sealing the motion violates the Local Rules, (2) the motion is void of any compelling reasons to seal the record,

---

[3]*See, e.g., Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470 (9th Cir. 1992), cert. denied, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992); *Pansy v. Borough of Stroudsberg*, 23 F.3d 772 (3d Cir. 1994); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir.), cert. denied, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *see also Stephens Media, LLC v. Eighth Judicial Dist. Ct.,* 221 P.3d 1240, 1248 (Nev. 2009) ("The public and the press have the right to seek limited intervention in a criminal case to advance or argue constitutional claims concerning access to court proceedings.").

[4] Citing *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248 (1982)**.**

[5]Citing *Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 13-14 (1986) (addressing a request to seal a preliminary hearing)

5

and (3) the court's minutes (#63) were publically filed and the information contained therein was disseminated through media coverage. *Id.*

**B.      Relevant Law/Discussion**

**1.      Intervene**

Federal Rule of Civil Procedure 24(b) states that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." The Ninth Circuit, and other circuit courts, recognize "Rule 24(b) intervention as a proper method to modify a protective order." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992)(citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783--784 (1st Cir.1988) (Rule 24 is correct course for third parties to challenge protective orders), cert. denied, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods*, 823 F.2d 159, 162 (6th Cir.1987) (recognizing 24(b) intervention as proper method for nonparty to seek protected materials); *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2nd Cir.1979) (intervention under Rule 24(b) proper method for third party challenges to protective order); *In re Beef Industry Antitrust Litigation*, 589 F.2d 786, 789 (5th Cir.1979) (same)).

Stephens Media seeks to intervene in this action to "protect its First Amendment rights and those of the public for the limited purpose of opposing [d]efendants' unjustified attempt to restrict public access to judicial documents." (#66). As defendant Constable Bonaventura filed a motion under seal (#64) without seeking leave of court to do so, and, as discussed below, there is a right of public access to the courts, Stephens Media's request to intervene under Rule 24(b) (#66) is proper and hereby granted. *See Beckman Indus., Inc.*, 966 F.2d at 472-73.

**2.      Unsealing Hearing and Defendant Constable Bonaventura Motion**

Local Rule 10-5(b) provides that "[u]nless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those

documents under seal, and shall be filed in accordance with the Court's electronic filing procedures."

Pursuant to LR 10-5(c), "[t]he Court may direct the unsealing of papers filed under seal, with or without

redactions, within the Court's discretion, after notice to all parties and an opportunity for them to be

heard."  Special Order 109, Section IV(C)(4) requires that service of documents in paper form is

"required" for "[d]ocuments that are sealed."

"The common law right of public access to judicial documents is said to predate the

Constitution. *See Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 161 (3rd

Cir.1993)."  *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995).  A party seeking to file a

confidential document must comply with the Ninth Circuit's directives in *Kamakana v. City and*

*County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006).  "Unless a particular court record is one

"traditionally kept secret," a "strong presumption in favor of access" is the starting point." *Kamakana,*

447 F.3d at 1178-79.  To justify the sealing of non-dispositive motions and documents attached thereto,

a particularized showing of good cause is required.  *Id.* at 1180.

The motion to amend/correct the court's minutes of proceedings (#64) was filed under seal

*without* a separate motion for leave to file the motion under seal  demonstrating a "particularized

showing of good cause" as required under LR 10-5(b) and *Kamakana,* 447 F.3d at 1180.  The court's

minute order  provided "notice" to all of the parties[6] that the court would "provide Defendants an

opportunity to discuss, during a hearing, why it is appropriate to keep the instant motion [#64] sealed."

(#65); *See* LR 10-5(c).  The court addressed the motion to intervene and to unseal both the hearing and

defendant Constable Bonaventura's sealed motion to amend/correct minutes (#66) at the beginning of

---

[6] The minute order was electronically served on the following parties on July 27, 2013, at 4:27 p.m.: Allen
Lichtenstein alichtensteinlaw@aol.com; Robert J. Gower ROBERT.GOWER@ccdanv.com, Holly.Jay@ccdanv.com,
SUSAN.WHITE@ccdanv.com; Robert B Pool bobpool@gmail.com; Stephanie A. Barker
STEPHANIE.BARKER@ClarkCountyDA.com, Emily.Elzeftawy@ClarkCountyDA.com; T. Louis Palazzo
louis@palazzolawfirm.com, office@palazzolawfirm.com; Justin S Hepworth jhepworth@swlaw.com,
docket.las@swlaw.com, jparsons@swlaw.com, rtuttle@swlaw.com; Amy M. Samberg asamberg@swlaw.com,
DOCKET_LAS@swlaw.com, DOCKET_TUX@swlaw.com, alauney@swlaw.com, jmoreno@swlaw.com,
tgalea@swlaw.com, tstephenson@swlaw.com

1    the July 30, 2013, hearing.  (#68).

2         The court gave the parties the "opportunity to be heard" regarding the unsealing of the hearing

3    and the unsealing of defendant Constable Bonaventura's sealed motion (#64).  *Id; See* LR 10-5(c).  The

4    court heard brief argument from Stephens Media's counsel regarding its motion to intervene and to

5    unseal both the hearing and defendant Constable Bonaventura's motion (#66).  *Id.*  As defendant

6    Constable Bonaventura and his attorney, Mr. Robert B. Pool, were not present at the hearing, no oral

7    argument was made on behalf of defendant Constable Bonaventura.  *Id.* All other parties present in the

8    courtroom represented to the court that they had not received a copy of defendant Constable

9    Bonaventura's sealed motion to amend/correct the minutes of proceedings (#64) as required by Special

10   Order 109, Section IV(C)(4), and that they were emailed a copy of the motion after seeking to obtain

11   the motion.  *Id.*

12        As defendant Constable Bonaventura has not provided the court with a "particularized showing

13   of good cause" as to why the motion to amend/correct minutes of proceedings (#64) should be filed

14   under seal as required by *Kamakana*, 447 F.3d at 1180, and the court provided defendant notice and an

15   opportunity to be heard in accordance with Local Rule 10-5(c), the court finds that the motion should

16   not be sealed.[7]  The clerk is hereby ordered to unseal defendant Constable Bonaventura's motion to

17   amend/correct minutes of proceedings (#64).

18        "[T]he First Amendment guarantees of speech and press, standing alone, prohibit government

19   from summarily closing courtroom doors which had long been open to the public at the time that

20   Amendment was adopted." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576, 100 S. Ct. 2814,

---

22        [7] As the court stated during the hearing, Paragraph 2 of defendant Constable Bonaventura's sealed motion to
23   amend/correct (#64)outlining the contents of his Confidential Settlement Statement *might* have justified filing the
     motion under seal.  Pursuant to the rules explained to all parties at the beginning of the settlement conference, however,
24   any material contained within the settlement statement that is disclosed during the settlement conference *without* the
     condition that the material remain confidential, losses its confidentiality.  The three issues outlined in Paragraph 2 of
25   defendant Constable Bonaventura's motion (#64)were disclosed to the undersigned during the settlement conference
     *without* condition that they remain confidential.

26                                          8

2827, 65 L. Ed. 2d 973 (1980).  The court sealed the July 30, 2013, hearing for purpose of providing defendant Constable Bonaventura the opportunity to present argument to the court as to why the motion to amend/correct was filed under seal (#65) in accordance with LR 10-5(c).  Defendant Constable Bonaventura and his counsel failed to appear at the hearing.  (#68).  As the court found during the hearing that "good cause" does not exist to seal the motion (#64), the court unsealed the hearing and granted Stephens Media's request to unseal the hearing (#66).  *Id.*

On or before August 9, 2013, attorney Robert B. Pool must pay $400 to Stephens Media, in care of its counsel Campbell & Williams, as reasonable compensation for the fees and costs incurred preparing the motion to intervene and to unseal the hearing (#66) and attending the hearing due to counsel's failure to comply with the Local Rules of this court and the Ninth Circuit's directives in *Kamakana* with regard to filing documents under seal.  *See* LR IA 4-1 ("The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in pro se who, without just cause...[f]ails to comply with these Rules...").  Mr. Pool will be personally responsible for payment of the sanctions imposed, and <u>defendant Constable Bonaventura is prohibited from reimbursing Mr. Pool with funds from the Constables Office</u>.  Constable Bonaventura may reimburse any costs to Mr. Pool using his *personal* funds.

### Constable Bonaventura's Motion to Correct Minutes of Proceedings (#64)

#### A.    Attorney Representation

During the hearing, the court introduced three documents and labeled them Court's Exhibits 1: defendant Constable Bonaventura's answer, individually and in his official capacity, to the complaint (#22); 2: Clark County and the Constables Office's answer to the complaint (#18); and 3: Stipulation and Order for Settlement Conference (#29).  (#68).  The answer filed on behalf of Constable Bonaventura, individually and in his official capacity, was prepared, signed, and submitted by attorneys Spencer M Judd and Robert B. Pool.  (#22).  The answer filed on behalf of Clark County and the Constables Office was prepared, signed, and submitted by attorneys Stephanie A. Barker and Robert J.

9

Gower. (#18). The court's docket in this action incorrectly states that the Las Vegas Township Constable's Office is represented by four attorneys: Spencer M Judd, Robert B. Pool, Stephanie A. Barker, and Robert J. Gower, and several filings by Robert B. Pool and Spencer M. Judd, including the instant motion to amend/correct (#64) and the motion to reset hearing (#67), incorrectly state (on the court's docket and/or on the document itself) that they represent the Constables Office and/or that the document is filed on the Constables Office's behalf (#22, #46, #56, #58, #60, #62, #64, and #67).

The clerk is hereby ordered to amend the docket in this action to correctly reflect that defendant Las Vegas Township Constables Office is represented *only* by Stephanie A. Barker and Robert J. Gower, and to strike any improper reference by attorneys Spencer M. Judd and Robert B Pool of representation of the Las Vegas Township Constables Office.

### B.   Defendant Constable Bonaventura's Representations in the Motion (#63)

#### 1.   Request for Settlement Conference

Paragraph 1 of the motion to amend/correct states that "[t]he other parties to this proceeding, not the instant Defendants, requested a Settlement conference, which was directed to occur on July 23, 2013 at 10:00 a.m." (#64). As the court clarified above that attorney Robert B. Pool represents defendant Constable Bonaventura *only*, the court construes this sentence to mean that defendant Constable Bonaventura did not request a settlement conference. *Id.* Court's Exhibit 3 demonstrates that this statement to the court, signed by attorney Robert B. Pool, is false. *See* (#29). Exhibit 3 is the stipulation and order for settlement conference, signed by defendant Constable Bonaventura's former counsel, Spencer Judd, on behalf of defendant Constable Bonaventura, which states that *all* "[p]arties request that the Court schedule a settlement conference to assist the [p]arties in their attempts to reach a settlement in this matter." *Id.* The parties' stipulated discovery plan and scheduling order, signed by former counsel Spencer M. Judd on behalf of defendant Constable Bonaventura, also states that "**[t]he parties request an early settlement conference in this matter so as to avoid unnecessary litigation expense.**" (#24)(emphasis in original).

Pursuant to Fed. R. Civ. P. 11(b)(3), "[b]y presenting to the court a pleading, written motion, or other paper...an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(c)(3) states that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."

Attorney Robert B. Pool is under an obligation to make a reasonable inquiry into and have "evidentiary support" for his factual contention to the court that the "other parties," and *not* defendant Constable Bonaventura, requested the settlement conference. *See* Fed. R. Civ. P. 11(b)(3). It would be reasonable for an attorney to check the court's docket and the stipulation and order regarding the settlement conference (#29) *before* making such misrepresentations to the court. On or before August 14, 2013, attorney Robert B. Pool is ordered to show cause why his conduct described herein does not violate Rule 11(b) and why sanctions should not be imposed.

### 2.    "Good Faith" Participation in Settlement Conference

As established above, defendant Constable Bonaventura stipulated with the other parties and asked the court to conduct the settlement conference. (#23, #25, and #29). Even if defendant Constable Bonaventura had not so stipulated, the settlement conference was order by the court (#29 and #30) and Constable Bonaventura and his counsel were under an obligation to attend and participate in the settlement conference in good faith and to remain in the courtroom until they were expressly told they had permission to leave.

Pursuant to LR 16-5, "[t]he Court may, in its discretion and at any time, set any appropriate civil case for settlement conference, summary jury trial, or other alternative method of dispute resolution." "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial

11

conference; (B) is substantially unprepared to participate--or does not participate in *good faith*--in the conference; or (c) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(emphasis added). "Instead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2)(emphasis added).

Paragraph 5 of Constable Bonaventura's motion to amend/correct states that during the settlement conference "Attorney Robert Pool stated he required a clarification as to the issues being settled because the other case was before a *higher court judge*, and this case centered only on the declaratory action." (#64)(emphasis added). The "other case" counsel in presumably referring to is the action of *Palazzo, et al vs Bonaventura* (Case No: 2:12-cv-00562-MMD-GWF), which is pending before United States District Judge Miranda M. Du and United States Magistrate Judge George Foley, Jr. The above captioned action for which the settlement conference was conducted, *Travelers Property Casualty Company of America v. Las Vegas Township Constables Office et al* (Case No: 2:12-cv-01922-JCM-VCF), is pending before United States District Judge James C. Mahan and the undersigned United States Magistrate Judge Cam Ferenbach.

These two actions are pending before the same court, the United States District Court for the District of Nevada, and before Judges of the same level and authority. The undersigned would have taken note and corrected attorney Robert M. Pool *if*, during the settlement conference, he had stated his mistaken belief that the "other case" was before a "higher court judge." No such statement was made, and its inclusion in the motion to amend/correct demonstrates that Mr. Pool lacks the experience and competence to adequately represent his client in this action. Mr. Pool acted on the mistaken belief that the pendency of a related case before District and Magistrate judges not presiding over this case would be a legal impediment to settling both cases during the settlement conference in this case. The actions of Mr. Pool and his client at the settlement conference were consistent with that belief. Mr. Pool and

12

his client did not participate in god faith.  Mr. Pool did not advise opposing counsel or the court in advance of his intentions in this regard.  Mr. Pool had no experience participating in settlement conferences conducted by a U. S. Magistrate Judge.  His preparation for the settlement conference was ineffective.

Paragraph 6 of the motion to amend/correct minutes of proceedings states that "Magistrate Judge Ferenbach attempted to push a "global settlement" between the two cases, one of which was before a different judge. Counsel stated he did not believe authority existed for that action, and Defendant Bonaventura wanted the existing motions for judgment to move forward." (#64).  Under Rule 16(f)(1), counsel and defendant Constable Bonaventura are required to attend and participate in the settlement conference in "good faith."  Fed. R. Civ. P. 16(f)(1).  If *before* coming to the settlement conference, counsel or defendant Constable Bonaventura (1) believed that the undersigned lacked the "authority" to conduct the settlement conference, or (2) made the determination not to settle the matter, and still came to the settlement conference without informing the court or the other parties of this belief or determination, a violation of Rule 16(f)(1) occurred.  During the hearing, the other parties stated to the court that no such representation was made by either counsel or defendant Constable Bonaventura. (#68).

Paragraph 7 of the motion to amend/correct minutes of proceedings  states that "Magistrate Judge Ferenbach angrily declared that nothing further could be done, that the conference was over and he should not keep the others waiting. He gave his telephone number to counsel. He did not indicate that Defendant Bonaventura or counsel should wait, but clearly declared the conference over." (#64). Except for the reference to providing a telephone number, this statement mis-characterizes what transpired. The undersigned's intention when leaving Mr. Pool, Constable Bonaventura and Mr. Kimsey alone in the courtroom was for them to remain in the courtroom and discuss their position among themselves.  The undersigned's hope was that they would rethink their position so the settlement conference could move forward.  They did not receive permission to leave the courtroom.  The

13

settlement conference was not over, it was just beginning.  The undersigned told them to call when they were through with their private discussion.

The court's order scheduling the settlement conference  states, "**[a]ll principal counsel of record who will be participating in the trial** and who have full authority to settle this case, all parties appearing pro se, if any, and **all individual parties must be present**."  (#30)(emphasis in original).  Mr. Pool's recitation of facts in paragraph 7 of his Motion to Correct Minutes (#64) contains inaccuracies.  Having personal knowledge of what occurred in that meeting, the undersigned finds that any reasonably competent attorney with minimal experience in Federal Court would have known not to leave the courtroom without first verifying that he and his client were free to go.  The request to amend/correct the minutes of proceedings "to strike the statement the Defendant terminated the conference unilaterally and left without permission" (#64) is denied.

The parties to this case, other than defendant Constable Bonaventure, devoted considerable time and resources preparing for the settlement conference, as did the court.  The parties and the court cleared their schedule to devote the day to  settlement efforts.  Mr. Pool's conduct outlined above subjects him and his client to civil sanctions, pursuant to the inherent power of this court under Rule 16(f)(1).

Mr. Pool and his client have until August 14, 2013, to make an appropriate filing showing cause why they should not be sanctioned for this conduct in violation of Rule 16(f)(1) in the amount of reasonable costs and attorneys' fees incurred by the other parties in preparing for and attending the settlement conference.  The other parties have until August 14, 2013, to make appropriate filings documenting reasonable costs and attorneys' fees incurred in preparing for and attending the settlement conference.  Each side shall have until August 21, 2013, to file a response to the August 14th filings.  No replies are required or permitted.

### 3.    Photographic Evidence

Paragraph 8 of the motion to amend/correct the minutes of proceedings states that "[r]ecorded photographic evidence from two sources indicates otherwise as the Magistrate Judge had left and no one

was present." (#64). LR IA 9-1(c) provides that:

> Cameras, recording, reproducing and transmitting equipment, which are not part of a wireless communication device as defined in (b) above, are **prohibited** in all United States courthouses in this District unless otherwise authorized. Cameras, recording, reproducing and transmitting equipment, which are part of a wireless communication device, **shall not be used in any courtroom or hearing room** without the express approval of the presiding judge or officer. Failure to abide by this Rule may result in the **forfeiture** of any such device.

(emphasis added).

The owners of the "two sources" that took the "recorded photographic evidence" have until August 14, 2013, to make appropriate filings showing cause why these devices should not be forfeited pursuant to LR IA 9-1(c) and why sanctions (either civil or criminal) should not be imposed for violating this court's Local Rules. *See* LR IA 4-1("The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in pro se who, without just cause...Fails to comply with these Rules). No responses to those filings are required or permitted.

**Constable Bonaventura's Motion to Reset Hearing (#67)**

### A.    Argument

Defendant Constable Bonaventura requests that "the hearing set for [July 30, 2013] at 1:00 p.m. of which the Defendants were unaware be reset in the normal course." (#67). In support of this request, defendant states: (1) "[t]hat the order and notice of the hearing set for today was not received by the [d]efendants," (2) "[d]efendants were unaware of hearing until such time as contact[ed] by the media," and (3) "[d]efendants were not prese[n]t at the hearing this date through inadvertence and lack of receipt of the notice." *Id.*

### B.    Relevant Facts/ Law/Discussion

On June 26, 2013, the court issued a minute order scheduling a hearing on the motion to amend/correct minutes of proceedings (#64) for July 30, 2013, at 1:00 p.m. (#65). The court stated that "[d]efendant John Bonaventura, Mr. Robert B. Pool, and Mr. James Kimsey **must** attend the hearing." *Id* (emphasis added). On June 26, 2013, at 4:27 p.m. a "Notice of Electronic Filing" was generated and

15

the court's minute order was electronically served on defendant Constable Bonaventura's attorney of record Robert B. Pool at the email address that appears on the court's docket and on the pleadings filed by Mr. Pool: bobpool@gmail.com.  Mr. Pool, Constable Bonaventura, and Mr. Kimsey failed to appear at the 1:00 p.m. July 30, 2013, hearing.  (#68).  On July 30, 2013, at 1:06 p.m., the undesigned's courtroom deputy called Mr. Pool's office at 702-386-8637 to inquire about his whereabouts.  The courtroom deputy was placed on hold, and had to disconnect at 1:15 p.m. when the undersigned took the bench for the hearing (#68).

Upon receipt of the motion to reset hearing (#67), the court confirmed with the court's information technology department (hereinafter "IT Department") that the court's minute order (#65) was electronically served on defendant Constable Bonaventura's counsel and successfully delivered to bobpool@gmail.com.  The failure to appear at the hearing was unjustified and the motion (#67)to reset the hearing that the court *already conducted* is denied.

Pursuant to LR IA 4-1(a) "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in pro se who, without just cause...[f]ails to appear when required for pretrial conference, argument on motion, or trial..."  On or before August 14, 2013, Mr. Pool must show cause as to why sanctions should not be imposed for failure to appear at the July 30, 2013, hearing.

An order to show cause hearing on the issues addressed herein is scheduled for August 26, 2013, at 10:00 a.m.  Mr. Pool, Constable Bonaventura and Mr. James Kimsey are ordered to appear and bring the devices that were used to record the "photographic evidence" referenced in defendant's motion to amend/correct  (#64).  Within ten (10) days of receipt of this order, Mr. Pool must file a notice of receipt of this order with the court, certifying that (1) he received Notice of Electronic Filing of this order, (2) he informed Constable Bonaventura and Mr. James Kimsey of this order and the requirement to appear at the order to show cause hearing, (3) he understands he must bring to the show cause hearing the devices that were used to record the "photographic evidence" referenced in defendant's motion to

16

1   amend/correct (#64), and (4) he has paid the $400.00 to Stephens Media as required by this order.

2          Accordingly, and for good cause shown,

3          IT IS ORDERED that Intervener Stephens Media, LLC's *Emergency* Application to Intervene

4   and Unseal Hearing (#66) is GRANTED.

5          IT IS THEREFORE ORDERED that the clerk UNSEAL the Motion to Amend/Correct Minutes

6   of Proceedings (#64) and that Stephens Media is permitted to Intervene.

7          IT IS FURTHER ORDERED that, on or before August 9, 2013, attorney Robert B. Pool must

8   pay $400 to counsel for Stephens Media for the fees incurred in having to prepare the motion to

9   intervene and to unseal the hearing (#66) and attending the hearing due to counsel's failure to comply

10  with the Local Rules of this court and the Ninth Circuit's directives in *Kamakana* with regard to filing

11  documents under seal.  Mr. Pool will be personally responsible for payment of the sanctions imposed,

12  and underline(defendant Constable Bonaventura is prohibited from reimbursing Mr. Pool with funds from the

13  Constables Office).  Constable Bonaventura may reimburse any costs to Mr. Pool using his *personal*

14  funds.

15         IT IS FURTHER ORDERED that defendant Constable Bonaventura's Motion to Amend/Correct

16  Minutes of Proceedings (#64) is DENIED.

17         IT IS FURTHER ORDERED that clerk amend the docket in this action to correctly reflect that

18  defendant Las Vegas Township Constables Office is represented *only* by Stephanie A. Barker and

19  Robert J. Gower, and to strike any improper reference by attorneys Spencer M. Judd and Robert B Pool

20  of representation of the Las Vegas Township Constables Office.

21         IT IS FURTHER ORDERED that, on or before August 14, 2013, attorney Robert B. Pool is

22  ordered to show cause why his misrepresentation of fact in Paragraph 1 of his motion to amend/correct

23  (#64) does not violate Rule 11(b) and why sanctions should not be imposed.

24         IT IS FURTHER ORDERED that Mr. Pool and defendant Constable Bonaventura have until

25  August 14, 2013, to make an appropriate filing showing cause why they should not be sanctioned for

26                                              17

1   this conduct in violation of Rule 16(f)(1) in the amount of reasonable costs and attorneys' fees incurred

2   by the other parties in preparing for and attending the settlement conference.  The other parties have

3   until August 14, 2013, to make appropriate filings documenting reasonable costs and attorneys' fees

4   incurred in preparing for and attending the settlement conference.  Each side shall have until August 21,

5   2013, to file a response to the August 14th filings.  No replies are required or permitted.

6          IT IS FURTHER ORDERED that the owners of the "two sources" that took the "recorded

7   photographic evidence" have until August 14, 2013, to make appropriate filings showing cause why the

8   electronic devices used to take pictures in Courtroom 3D of the Lloyd D. George U.S. Courthouse,

9   United States District Court,  should not be forfeited pursuant to LR IA 9-1(c) and why sanctions (either

10  civil or criminal) should not be imposed for violating this court's Local Rules.  No responses to those

11  filings are required or permitted.

12         IT IS FURTHER ORDERED that defendant Constable Bonaventura's Motion to Reset Hearing

13  on SEALED Motion to Amend/Correct Minutes of Proceedings (#67) is DENIED.

14         IT IS THEREFORE ORDERED that on or before August 14, 2013, Mr. Pool must show cause

15  as to why sanctions should not be imposed for failure to appear at the July 30, 2013.

16         IT IS FURTHER ORDERED that an order to show cause hearing on the issues addressed herein

17  is scheduled for August 26, 2013, at 10:00 a.m.  Mr. Pool, Constable Bonaventura and Mr. James

18  Kimsey are ordered to appear and bring the devices that were used to record the "photographic

19  evidence" referenced in defendant's motion to amend/correct  (#64).  Data on those devices may be

20  backed up to other storage devices before the hearing.  All data, except for the photographs at issue, may

21  be deleted from the devices.  Mr. Pool, Constable Bonaventura, and Mr. Kimsey and/or the owners are

22  ordered to insure that the photographs at issue remain on the device brought to the August 26, 2013,

23  order to show cause hearing.

24         IT IS FURTHER ORDERED that within ten (10) days of receipt of this order, Mr. Pool must

25  file a notice of receipt of this order with the court, stating that

26                                                           18

(1) he received Notice of Electronic Filing of this order;

(2) he informed Constable Bonaventura and Mr. James Kimsey of this order and the requirement to appear at the order to show cause hearing;

(3) he will bring the devices that were used to record the "photographic evidence" referenced in defendant's motion to amend/correct (#64); and

(4) he has paid the $400.00 to Stephens Media as required by this order.

DATED this 1st day of August, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

19