1

2                           **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4                                          * * *

TRAVELERS PROPERTY CASUALTY

5   COMPANY OF AMERICA,                     )
                                            )
6                   Plaintiff,              )
                                            )        2:12-cv-01922-JCM-VCF
7   v.                                      )
                                            )        **O R D E R**
8   LAS VEGAS TOWNSHIP CONSTABLES           )
    OFFICE, *et al.,*                       )        (Pending Matters #71, #77, #79, #80, #81,
9                                           )        #82, #87 and  #88)
                                            )
10                  Defendant.              )
    _____)

11

12          On August 26, 2013, a hearing was held to address various issues arising out of the July 23,

13   2013, settlement conference and ensuing motion practice.  Before the court are:

14          1.      Reconsideration of Defendant Constable Bonaventura's Motion to Correct Minutes of

     Proceedings (#64) (#81);

15
            2.      Reconsideration of Stephens Media LLC's Emergency Application to Intervene and
16
     Unseal Hearing (#66) (#81);
17
            3.      Reconsideration of Defendant Constable Bonaventura's Motion for To Reset Hearing
18
     On Defendant John Bonaventura's Motion to Correct Minutes of Proceedings (#67) (#81);
19
            4.      Defendants Palazzo and Beckett's Memorandum of Costs and Attorneys' Fees (#77);
20
            5.      Travelers Property Casualty Company of America's Response to Order and Order to
21
     Show Cause (#79);
22
            6.      Defendant Constable Bonaventura's Response to Order to Show Cause (#80)[1];
23
            7.      Defendant Constable Bonaventura's Objections to Order (#71), which the Court treats
24

25   ─────────────────────────────────────────────────────

26          [1]Plaintiff filed a Response (#83) and Defendants Clark County and the Las Vegas Township Constables Office
     filed a Joinder in Plaintiff's Response (#85).

as a Motion for Reconsideration (#81)(#82)[2];

       8.    Defendant John Bonaventura's Consolidated Response and Reply to Order to Show Cause and Responses to Order and Defendant's Motion for Summary Judgment and Objections to Order (#87); and

       9.    Defendant John Bonaventura's *Ex-Parte* Motion to File Late Pleading (#88).

**Discussion**

The court held a hearing on August 26, 2013.  (#90).  Having reviewed the parties' filings and considered argument and representations made during the hearing of these matters, and good cause appearing, the court rules as follows[3]:

    **A.**    ***Ex-Parte* Motion to File Late Pleading (#88).**

The Minute Order entered in this case on August 19, 2013 (#82), advised counsel for Constable Bonaventura that his October 14th filings, styled a "Response and LR IB 3-1 & 3-2 Objections to Order (#71) to Show Cause" (#s 80 & 81) violated Section III (F)(4) for the court's electronic filing procedures, which provides:

> 4. Document Type
> A separate document must be filed for each type of document or purpose. Examples: separate documents must be filed for response and motion rather than a response and counter motion in one document. Motions may ask for only one type of unrelated relief thus, rather than filing a motion to severe and to dismiss, a separate motion to severe and a separate motion to dismiss must be filed.

The document (#87) which is the subject of this *ex-parte* motion (#88) again violates this section.  The motion is styled: "Consolidated Response and Reply to Order (#71) to show cause and Responses (#'s 72, 73, 75, 76, 77, 79, 82, 83, 84, 84, 86) to order (#71) and Defendant's Motion for Summary Judgment (#62) and Objections (#82)."  The *ex parte* motion (#88) itself also violates this

---

    [2]Plaintiff filed a Response (#84) and Defendants Clark County and the Las Vegas Township Constables Office filed a Joinder in Plaintiff's Response (#86).

    [3] The relevant background of this action is recited in the court's August 1, 2013, Order and Order to Show Cause (#71).

court's rules. Local Rule 7-5 (b) provides that "[a]ll *ex parte* motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties," and 7-5(c) provides that "[m]otions, applications or requests may be submitted *ex parte* only for compelling reasons, and not for unopposed or emergency motions." Constable Bonaventura's *ex parte* motion (#88) does not contain a such a statement demonstrating "good cause" or "compelling reasons."

Counsel for Constable Bonaventura reports that problems with the Court's electronic filing system prevented the timely filing of this document (#87). (#88). He seeks leave to file the document (#87) one day late. *Id.* During the hearing, the court asked counsel for Constable Bonaventura the basis for filing the *ex parte* motion (#88), and he replied that he did so because he wanted to get the motion filed quickly. (#90). The *Ex-Parte* Motion to File Late Pleading (#88) is GRANTED. However, counsel for Constable Bonaventura is warned that if he files another document in violation of Section III (F)(4) or in violation of LR 7-5(b) or (c), the document will be stricken and not considered by the court.

**B.    Reconsideration of Defendant Bonaventura's Motion for To Reset Hearing On Defendant John Bonaventura's Motion to Correct Minutes of Proceedings (#67) (#81).**[4]

In the Motion to Reset Hearing (#67), Defendant Constable Bonaventure stated that he and his counsel were not present at the hearing "through inadvertence and lack of receipt of the notice." The electronic filing records of this court show that the order setting this hearing was sent via e-mail to the parties twice; once at 19:28:22 and then again at 19:32:45, because the clerk changed the title of the

---

[4]   Docket Entries Numbered 80, 81 and 87 are, in essence three drafts of the same document. Documents #80 and #81 are virtually identical. The sentence appearing at page 5, line 16 of both documents was changed from, "The Order (#65) was not received *by counsel* due to an error on the docket reflecting the wrong contact information." to "The Order (#65) was not received *by counsel* within those two judicial days." (#80 and #81)(emphasis added). In document #87, which was filed after Travelers' Response, the line was changed to read, "The Order (#65) was not received *by attorney Pool* within those two judicial days." (Emphasis added). A number of additional arguments are added or modified in document #87. In analyzing Defendant Bonaventura's position on the various issues, the court is relying primarily on the final version of this pleading (#87).

order.  During the hearing, Mr. Pool was given an opportunity to explain what he meant by "lack of receipt of notice," as stated in his motion (#67).  He explained that the court's order (#65) was delivered to his email address, and that he eventually found it *after* the hearing.  (#90).

In its Response (#84) to Defendant Bonaventura's arguments in this regard, Travelers submitted an affidavit by Justin Hepworth (#84-1 Exhibit #1) and an email (#84-1 Exhibit 2) which show that on Friday, July 26, 2013, Mr. Hepworth advised someone in counsel for Constable Bonaventura's office of the existence of Minute Order (#65) setting a hearing four days later on July 30, 2013.  That same day, James Kimsey, the legal assistant who appeared at the settlement conference with Defendant Bonaventure and Mr. Pool, sent Mr. Hepworth, and other counsel of record, an e-mail forwarding the Motion to Correct Minutes and acknowledging that Mr. Pool had been informed of the court's order.  (#84-2 Exhibit 2).  That e-mail bears Mr. Pool's electronic signature.  *Id.*

During the hearing, the court questioned counsel for Constable Bonaventura regarding this communication.  (#90).  Counsel explained that whoever spoke with Mr. Hepworth on the phone regarding the court's order (#65) did not inform counsel of the hearing.  *Id.*  Counsel also stated that he saw the email from Mr. Hepworth, but that he forwarded it on to Mr. Kimsey and did not notice the mention that an order had been entered.  *Id.*

The record establishes unambiguously that (1) the order (#65) setting the July 30, 2013, hearing was delivered to Mr. Pool's email address on file with the court's CM/ECF system, (2) Mr. Pool received an email from opposing counsel on July 26, 2013, advising him of the entry of the court's order (#65), and (3) Mr. Pool did not read the court's order (#65) until *after* the July 30, 2013, hearing.  Accordingly, Defendant's Motion for Reconsideration of the Denial of his Motion to Correct Minutes (#81) is DENIED *without prejudice* to his right to object to the original ruling by a timely objection to this order.

. . .

. . .

4

**C.    Reconsideration of Stephens Media LLC's Emergency Application to Intervene and Unseal Hearing (#66) (#81).**

The only authority cited by Defendant Constable Bonaventure regarding the Court's decision to allow Stephens Media to intervene and grant it's motion to unseal is "*Apple Inc. v. Samsung*, Case 11-cv-1846-LHK (ND Cal 2012)."  (#81).  Defendant Constable Bonaventura does *not* point the court to a specific decision in that matter that supports his position, but states that "presently pending final decision in the district courts and the Federal Circuit, is a legally similar case with a stay issued on an order to unseal documents in the matter of *Apple Inc. v. Samsung*, Case 11-cv-1846-LHK (ND Cal 2012) prohibiting a disinterested third party from seeking to intervene and unsealing records pertaining to the case. The fees sought by the third party were denied at the district court level."  *Id.*

That action involves the manufacturer of a cellular telephone and computer tablets bringing allegations of patent infringement against its competitor, and the parties moved for an order to seal documents filed by litigants and several third parties.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846-LHK, 2012 WL 3283478 (N.D. Cal. Aug. 9, 2012) rev'd and remanded, 2012-1600, 2013 WL 4487610 (Fed. Cir. Aug. 23, 2013).  With regard to an intervenor and sealing documents, the court's August 9, 2012, order stated that since the intervenor Reuters' motion to intervene had been *granted*, Reuters was subject to the protective order in place and could not disclose confidential information.  *Id* at *12.  The court denied several motions to seal, and granted a request to stay the ruling on the motions pending appeal.  *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 11-CV-01846-LHK, 2012 WL 3536800 (N.D. Cal. Aug. 15, 2012).  The appellate court issued an order on August 23, 2013, holding that the "district court abused its discretion in refusing to seal parties' confidential financial information; and [that the] district court abused its discretion in refusing to seal manufacturer's market reports."  *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012-1600, 2013 WL 4487610 (Fed. Cir. Aug. 23, 2013).

The action before this court is not "legally similar" to the *Apple Inc.* action.  The order allowing

5

Stephens Media to intervene and to unseal (1) the filed document and (2) the hearing on the motion to correct minutes  (#71) is supported by the authorities cited by Stephens Media in its filing (#66) and by the court therein (#71).  Not only was it improper for Defendant Bonaventure to file his motion (#64) under seal, he also failed to follow the proper procedure for filing such a motion and did not file a motion for leave to file the motion under seal.  *See* LR 10-5.  When an attorney fails to follow the court's rules, causing others to incur unnecessary legal expenses, sanctions are appropriate.  *See* LR IA 4-1 ("The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in pro se who, without just cause:...(c) Fails to comply with these Rules;...").  Attorneys admitted to this court are obligated to follow our local rules.  *See* LR IA 2-1.  Attorneys are responsible for the consequences of their failure to follow our rules.

In his papers, counsel for Constable Bonaventure suggests that the Court must give him advance warning of rule requirements before it can enforce those rules.  (#81).  The Local Rules of this court apply to *all* actions and proceedings before this court, both criminal and civil.  *See* LR IA 2-1.  As an attorney practicing in this court, counsel is required to be familiar with this court's  rules and comply with the rules.   Local Rule IA 4-1 that permits the court to sanction an attorney or party for failure to comply with the rules of this court, an order of the court, appear at a conference, argument on a motion or trial, or prepare for a presentation to the court, requires that the court provide notice and an opportunity to be heard before entering such a sanction.   LR IA 4-1.  The court here provided notice to Constable Bonaventura and his counsel in the July 26, 2013, minute order setting the hearing (#65), and provided Constable Bonaventura and his counsel the opportunity to be heard at the July 30, 2013, hearing on the matter (#68).  Constable Bonaventura and his counsel failed to appear.  *Id.*  The court, thereafter, properly issued the order and order to show cause.  (#71).

 In this action, the court and other parties have had to endure multiple rule violations by counsel for Constable Bonaventura.  This $400 sanction makes the point that counsel for Constable Bonaventura must fulfill his obligations as an officer of the court.  Based on the undersigned Magistrate Judge's

experience litigating cases in this court for a number of years, the $400 sanction is an extremely low estimate of the costs and fees incurred for the preparation and filing of the Emergency Application to Intervene and Unseal Hearing (#66), as well as appearing at the hearing (#68).  Defendant Constable Bonaventura's requests for reconsideration (#81) are DENIED *without prejudice,* to Constable Bonaventura's right to object to the original ruling (#71) by a timely objection to this order.

**D.      Reconsideration of Defendant Bonaventura's Motion to Correct Minutes of Proceedings (#64) (#81).**

In his most recent filing addressing facts at issue in the Motion to Correct Minutes, Constable Bonaventura asserts that "lack of clear instructions, along with some inexperience on the part of Defendant Bonaventura and attorney Pool, resulting in confusion and miscommunication" caused the Constable and his litigation team to terminate the settlement conference by walking out of Courtroom 3D.  (#87, at p. 8).  In this same document, Constable Bonaventura states that on April 22, 2013, three (3) months prior to July 23, 2013. [sic] Defendants ***reversed their position*** (#46, #56) and questioned the propriety of non-opposition and settlement.  (#87, at p. 12)(emphasis in original).

At the beginning of the settlement conference, the undersigned Magistrate Judge was not aware of this reversal of position.  In fact, during an introductory meeting attended by all the counsel and their clients, the undersigned stated the understanding that all parties had stipulated to the settlement conference.  No one corrected that statement.

Given the admitted inexperience of Constable Bonaventura and his counsel, and also taking into consideration their reversal of position regarding participation in the settlement conference, it is conceivable that Constable Bonaventura's unilateral termination of the settlement conference was based on a belief that they were free to leave a court ordered settlement conference, without first checking with the settlement judge.  A reasonably competent attorney representing a litigant in this court under these circumstances, however, would have certainly first called the chambers phone number, as directed, and requested permission to leave.

Constable Bonaventura did not have permission to leave. Nowhere in his papers does Constable Bonaventura claim that the undersigned Magistrate Judge told him he could leave the settlement conference. Nothing before the court on this motion for reconsideration (#81) contradicts this sentence in Minute Order (#63), "Defendant John Bonaventura unilaterally terminated the settlement conference by leaving the courthouse without permission." This Motion for Reconsideration (#64) (#81) is DENIED *without prejudice,* to Constable Bonaventura's right to object to the original ruling (#71) by a timely objection to this order.

**E.**     **Reconsideration of Order Correcting Docket to Reflect Attorney Appearances (#81, Section II F.)**

On reviewing Constable Bonaventura's Motion to Correct Minutes of Proceedings (#64), the court noted inconsistencies throughout the docket regarding attorney appearances and the clients they represent. On pages 9 and 10 of the Order and Order to Show Cause, based on the first appearances contained in Clark County and the Constables Office's answer (#18) and Constable Bonaventura's answer (#22), the court ruled that Stephanie A. Barker and Robert J. Gower represent the Las Vegas Township Constable's Office. (#71).

Local Rule IA 10-6 governs Appearances, Substitutions and Withdrawals of attorneys appearing in this court. No attorney can withdraw without leave of court. *See* LR IA 10-6(b). Any stipulation or motion to substitute attorneys must be by leave of court. *See* LR IA 10-6(c). Arguments advanced by Constable Bonaventure regarding the Nevada Rules of Professional Conduct and *Nixon v. General Services Administration* (#87, at pp. 15 & 16) are irrelevant. Absent a stipulation or court order, the appearances stand as originally created in the parties orders. *See* LR 10-6(b) and (c). The Motion for Reconsideration of Directions to the Clerk to correct errors in the docket regarding which parties the attorneys of record currently represent (#81) is DENIED *without prejudice,* to Constable Bonaventura's right to object to the original ruling (#71) by a timely objection to this order. This denial is also *without prejudice* to any subsequent motion to with draw or substitute attorneys in accordance with LR IA 10-6.

8

**F.     Sanctions**

**1.     Rule 11 Violation**

Defendant Constable Bonaventura asserted in his motion to amend/correct minutes that "[t]he other parties to this proceeding, not the instant Defendants, requested a Settlement conference, which was directed to occur on July 23, 2013 at 10:00 a.m." (#64).  As established by the court's order and order to show cause (#71), this statement is not supported by the record.  This is a clear violation of Rule 11.   Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery...").

In the most recent filing, defendant Constable Bonaventura clarified that "[o]n April 22, 2013, three (3) months prior to July 23, 2013. [sic] Defendants ***reversed their position*** (#46, #56) and questioned the propriety of non-opposition and settlement," and that the court subsequently scheduled the settlement conference.  (#87).  Defendant Constable Bonaventura's counsel also stated the belief that the filing of the summary judgment motion (#62) made it clear that Constable Bonaventura had no intent to settle.  The court admonishes counsel to be more careful and precise in presenting arguments to the court, as to not mislead the parties or the court.  No other sanction will be imposed for the Rule 11 violation.

**2.     Unilateral Termination of Settlement Conference**

Defendant Constable Bonaventura's counsel stated during the hearing that in hindsight he should have called the undersigned's chambers before leaving the settlement conference. (#90). Based on the record before the court, the court finds that the other parties to this action are entitled to reimbursement for traveling to and the time spent at the July 23, 2013, settlement conference.  The time

preparing for the settlement conference is not recoverable, as the preparation is not futile in light of the court rescheduling the settlement conference.

Travelers represents to the court that it incurred travel costs in the amount of $615.40 for its representative, Michael Kahn, attending the settlement conference, and it incurred a fee of $780.00 for counsel's time spent attending the settlement conference (#79 and #79-3). Defendants Palazzo and Beckett represent to the court that they incurred a fee of $760.00 for their counsel's time spent attending the settlement conference. (#77). The payment of these fees and costs must be paid by counsel Pool personally and may not be paid by any funds of the Constable's Office. Constable Bonaventura may reimburse any funds out of his personal money and not that of the Constable's Office.

### 3.     Taking Photographs in Courtroom 3D

Defendant Constable Bonaventura's counsel stated during the hearing that they meant no disrespect by taking photographs of the courtroom, and that it was their understanding that photographs are not permitted *during* a hearing, but that photographs are permitted while court is not in session. (#90). Constable Bonaventura and his counsel are admonished that LR IA 9-1(c) forbids the use of recording devices in the courtroom at all times and provides for forfeiture of devices, and that this rule will be enforced in the future.

### 4.     Failure to appear on July 30, 2013

Defendant Constable Bonaventura's counsel stated during the hearing that he eventually discovered the email regarding the court's order scheduling the hearing (#65), and that he and Constable Bonaventura meant no disrespect to the court by not appearing at the hearing. (#90). Defendant Constable Bonaventura and his counsel's failure to appear at the hearing unnecessarily multiplied the pleadings, hearings, and proceedings in this matter. Counsel for Constable Bonaventura is admonished that Special Order 109 places a duty on attorneys appearing in this court to provide the court with the appropriate contact information and to be responsible for checking the email address for court filings. The court finds that sanctions in the form of $300 to each lawyer who appeared at the July 30, 2013,

10

hearing is appropriate.   The sanction may not be paid by any fund of the Constable's Office, and must be paid by counsel Pool personally.   Constable Bonaventura may reimburse any funds out of his personal money and not that of the Constable's Office.

**G.   Objection to Re-characterization of Objection (#81) as a Motion for Reconsideration**

During the hearing on this matter, counsel for Constable Bonaventura withdrew the objection to the court's characterization of the objection (#81) as a motion for reconsideration (#82).  (#90).

**H.   Recusal**

Constable Bonaventura asks the undersigned to recuse himself from the instant action, and cites *Peterson et al v. Miranda et al* (Case No 2:11-cv-01919-LRH-PAL)(Order #178) in support of this position.  In *Peterson,* the District Judge held that Magistrate Judge Koppe should have recused herself because of her "long-standing and deeply personal involvement in the Hart matter," and that "the related actions taken by BCK in questioning then AUSA Koppe's involvement in and/or possible responsibility for the U.S. Marshal's interrogation of Hart at the Clark County Detention Center in violation of Hart's constitutional due process rights, would cause a reasonable person with knowledge of all the facts to have doubts about Magistrate Judge Koppe's impartiality in this action." *Id.*  The court found that the Judge's interactions with plaintiff's counsel's firm, BCK, was "long and complex," and recited the facts as follows: (1) "At one time, BCK was counsel for Russell Hart ("Hart"), a former next door neighbor of Magistrate Judge Koppe who was charged with assaulting and stalking Magistrate Judge Koppe and her husband," (2) "BCK was also counsel for Hart in a related civil action wherein the Koppes sought monetary damages based on multiple claims related to the alleged stalking and harassment activities," (3) "In that civil action, BCK sought to discredit the testimony of Magistrate Judge Koppe and her husband by showing that they were the aggressors and instigators of the improper conduct, not Hart," and (4) "Finally, after Hart's conviction, BCK initiated several verbal and written complaints to multiple government agencies seeking an investigation into the improper conduct by both

1 the United States' Marshall's Office and then Assistant United States Attorney Koppe in interviewing

2 Hart while he was incarcerated in violation of his constitutional rights." *Id.*

3       The undersigned has no such prior interactions or personal negative history with either

4 Constable Bonaventura or his counsel.  To the contrary, the undersigned is a neutral judicial officer who

5 conducted a unsuccessful settlement conference with the parties that lasted for one and a half hours and

6 ended with defendant Constable Bonaventura and his counsel leaving without resolution of the

7 settlement conference.  (#63).  As the court held in *Black v. Kendig,* where "settlement discussions

8 begin with the defendant offering "nuisance value" and the plaintiff walking out five minutes later in

9 a huff," "[t]o preclude the magistrate judge who presides over such theatrics from then doing anything

10 else in the case is to waste a judicial resource as badly as cutting one's throat on a good rug."  227

11 F.Supp.2d 153, 155 (D. D. C. 2002).  The request for the undersigned to recuse from the instant action

12 (#81) is denied.

13       **I.       Set Settlement Conference**

14       During the hearing, the undersigned discussed reconvening the settlement conference with the

15 parties in this action.  (#90).  The parties agreed to participate in a settlement conference on November

16 12, 2013, at 10:00 a.m.  *Id.*  Defendant Constable Bonaventura's counsel stated during the hearing that

17 they "did come to the [July 23rd] settlement conference with an open mind that [they] could possibly

18 settle," and that they were "willing to entertain what [they] consider any reasonable offer to settle this"

19 and the other action.  *Id*.  Defendant Constable Bonaventura, his counsel, and defendants Daniel F.

20 Palazzo and Timothy Michael Beckett and their counsel, are required to appear in person for the

21 November 12, 2013, settlement conference.  Plaintiff Travelers Property Casualty Company of America

22 and defendants Clark County, Nevada and Las Vegas Township Constables Office must be available

23 by telephone.  Counsel for plaintiff Travelers Property Casualty Company of America and defendants

24 Clark County, Nevada and Las Vegas Township Constables Office must also be available to come to

25 the courthouse to sign settlement documents should the parties reach a settlement.

26

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Constable Bonaventura's Motion for Magistrate Judge to Reconsider (#71) Order to Show Cause (#81) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that, as discussed above, Mr. Pool must pay Travelers' travel costs in the amount of $615.40, and fee of $780.00 for counsel's time spent attending the settlement conference, and defendants Palazzo and Beckett's fee of $760.00 for attending the settlement conference. The payments  must be paid by counsel Pool personally and may not be paid by any funds of the Constable's Office.  Constable Bonaventura may reimburse any funds out of his personal money and not that of the Constable's Office.  After the November 12, 2013, settlement conference, the court will enter an order setting a deadline for completion of these payments.

IT IS FURTHER ORDERED that the sanctions in the form of $300 to each lawyer who appeared at the July 30, 2013, must be paid by Mr. Pool.  The payment may not be paid by any fund of the Constable's Office, and must be paid by counsel Pool personally.  Constable Bonaventura may reimburse any funds out of his personal money and not that of the Constable's Office. After the November 12, 2013, settlement conference, the court will enter an order setting a deadline for completion of these payments.

IT IS FURTHER ORDERED that defendant Constable Bonaventura's *Ex Parte* Motion to File Late Pleading (#88) is GRANTED.

IT IS FURTHER ORDERED that a Settlement Conference is scheduled for November 12, 2013, at 10:00 a.m.  Defendant Constable Bonaventura, his counsel, and defendants Daniel F. Palazzo and Timothy Michael Beckett and their counsel, are required to appear in person for the November 12, 2013, settlement conference.   Plaintiff Travelers Property Casualty Company of America and defendants Clark

County, Nevada and Las Vegas Township Constables Office must be available by telephone.  Counsel

13

for plaintiff Travelers Property Casualty Company of America and defendants Clark County, Nevada and Las Vegas Township Constables Office must also be available to come to the courthouse to sign settlement documents should the parties reach a settlement.

DATED this 29th day of August, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**